UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x

CARMIE JOSEPH,

          Plaintiff,

-against-

ISLAND STORAGE; CERTEGY; SUFFOLK
COUNTY DEPARTMENT OF CONSUMER
AFFAIRS; and BUREAU OF CONSUMER
FRAUDS AND PROTECTION,

          Defendants.
----------------------------------------------------------x

12-CV-1094 (ARR)

**MEMORANDUM AND ORDER**

NOT FOR PRINT OR ELECTRONIC
PUBLICATON

ROSS, United States District Judge.

    Plaintiff Carmie Joseph brings this action pro se seeking unspecified damages. The Court grants plaintiff's request to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915(a), for the purpose of this order. For the reasons discussed below, the court dismisses the complaint.[1]

## BACKGROUND

    Plaintiff brings this action in relation to a storage space that she apparently rented in Farmingdale, New York. Based on a January 18, 2012 letter from Island Storage, it appears that plaintiff's possessions may be auctioned off because she has failed to make payments on crates she has in storage. See Exh. 1. Although unclear, plaintiff appears to dispute these charges and also

---

[1] This is plaintiff's fifth action filed in this court. In her last two previously filed actions, see Joseph v. Brooklyn Bar Assoc., 09-CV-3821 (ARR); Joseph v. USA, 03-CV-5587 (ARR), the court warned plaintiff that, in light of her tendency to file cumulative litigation of questionable merit, see Joseph v. State of New York, 03-CV-4803 (ARR) (dismissed on October 31, 2003, pursuant to 28 U.S.C. § 1915(e)(2)(B)); and Joseph v. USA, 02-CV-1166 (ARR) (dismissed on August 6, 2002, for failure to comply with Federal Rule of Civil Procedure 8 and lack of subject matter jurisdiction), any future complaint filed before this court will be closely scrutinized and she may be subjected to restrictions on her ability to file, if circumstances warrant.

1

makes various assertions concerning declined checks and forgery. See Compl. at 1.

## STANDARD OF REVIEW

At the pleadings stage of the proceeding, a court must assume the truth of "all well-pleaded, nonconclusory factual allegations in the complaint." Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 124 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949–50 (2009)). A complaint must plead facts sufficient to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). It is, however, axiomatic that pro se complaints are held to less stringent standards than pleadings drafted by attorneys, and the court is required to read the plaintiff's pro se complaint liberally and interpret it as raising the strongest arguments it suggests. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191 (2d Cir. 2008).

## DISCUSSION

Federal courts are courts of limited jurisdiction and may not preside over cases if they lack subject matter jurisdiction. Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986); Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 700-01 (2d Cir. 2000). Lack of subject matter jurisdiction cannot be waived and may be raised at any time by any party or by the Court sua sponte. Lussier, 211 F.3d at 700. The basic statutory grants of subject matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Arbaugh v. Y & H Corp., 546 U.S. 500, 513 (2006). Section 1331 provides federal question jurisdiction, and Section 1332 provides jurisdiction based on diversity of citizenship. Id. "The party invoking federal jurisdiction bears the burden of establishing that jurisdiction exists." Conyers v. Rossides, 558 F.3d 137, 143 (2d Cir. 2009) (quoting Sharkey v. Quarantillo, 541 F.3d 75, 82 (2d Cir. 2008) (internal quotation

2

marks omitted)). "A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim 'arising under' the Constitution or laws of the United States." Arbaugh, 546 U.S. at 513. "She invokes § 1332 jurisdiction when she presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount." Id.

Plaintiff's complaint fails to present a federal question, and diversity jurisdiction is not applicable, as the parties are not of diverse citizenship. Moreover, to the extent that plaintiff seeks to assert a claim pursuant to 42 U.S.C. § 1983 against the Suffolk County Department of Consumer Affairs and the Bureau of Consumer Frauds and Protections, they are not entities that may be sued See Conte v. County of Nassau, No. 06-CV-4746, 2008 U.S. Dist. LEXIS 25694, at *2-3 n.2 (E.D.N.Y. Mar. 31, 2008) (stating that, under New York law, departments that are administrative arms of a municipality or county do not have a legal identity separate from the municipality and, therefore, cannot be sued).

## CONCLUSION

Accordingly, the complaint is dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). Plaintiff is again warned that any future complaint filed before this court will be closely scrutinized and that she may be subjected to restrictions on her ability to file if the circumstances warrant them. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal would not be taken in good faith; therefore, in forma pauperis status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

s/Allyne Ross

ALLYNE R. ROSS
United States District Judge

Dated: March 8, 2012
Brooklyn, New York

3